UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

ANGELA STOKES,

                        Plaintiff,

          - against -

BRIDGE STREET DEVELOPMENT CORP.;
RHONDA A. LEWIS,

                     Defendants.
-------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5713 (BMC)(RLM)



FILED
CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 29 2012 ★

BROOKLYN OFFICE

**COGAN**, District Judge.

Plaintiff *pro se* filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the Court directs plaintiff to file an amended complaint within 20 days of the entry of this Order.

## BACKGROUND

Plaintiff alleges that she was hired by defendants to work as a community organizer, but that she was required to work as a property manager without additional salary or title for this position. Plaintiff further alleges that defendant Rhonda Lewis denied plaintiff's requests for training and certification as a property manager, but that "other employees much younger and all lighter skinned" received training and certifications for their positions. Plaintiff states that she is a dark-skinned African-American and over 40 years old. On April 22, 2010, plaintiff submitted her resignation, but she alleges that "she was asked to stay to complete the projects and agreed due to tenant[s] relying on me." The last date of plaintiff's employment with defendants is unclear.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949 (2009). As the Supreme Court explained, the plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A pleading that offers "labels and conclusions" will not do. Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." Id. at 557.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to liberally construe plaintiff's complaint and interpret the allegations to raise the strongest arguments that they suggest. See Erickson v. Pardus, 551 U.S. 89 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of Title VII discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp.,

2

No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011). The ADEA prohibits an employer from discriminating against any individual over 40 years old, in the terms, conditions and privilege of employment on the basis of age. 29 U.S.C. § 621 *et seq.;* see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93 (2d Cir. 2010).

In her entire complaint consisting of 71 pages, plaintiff provides only a passing reference to any discriminatory conduct – that she did not receive the training and certifications that "other employees much younger and all lighter skinned" received. The remainder of her complaint sets forth plaintiff's largely unsuccessful efforts to obtain training for the positions she held. Therefore, plaintiff has failed to properly plead a claim under Title VII or the ADEA insofar as she has not alleged sufficient facts to show that she was discriminated against because of her race, color, religion, sex, national origin, or age. Accordingly, plaintiff is directed to file an amended complaint containing detailed facts in support of her Title VII and ADEA claims, including specific allegations of what defendants did or said to plaintiff, the date of such conversations or conduct, and the circumstances surrounding such plaintiff's relevant interactions with defendants.

Furthermore, there is no liability against individual employees, such as her supervisor, defendant Lewis, under either Title VII or ADEA. See Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000) (citation omitted); Cherry v. Toussaint, 50 F. App'x 476 (2d Cir. 2002). Defendant Lewis is therefore dismissed.

## CONCLUSION

Plaintiff is directed to file an amended complaint and include a statement of claim to support both her Title VII and ADEA claims within 20 days from the entry of this Order. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT"

and bear the docket number 12 Civ. 5713 (BMC). The amended complaint must be served on defendants and shall completely replace the original complaint. Furthermore, plaintiff should attach to her amended complaint, a copy of the charge of discrimination she filed on or about September 28, 2010 with the Equal Employment Opportunity Commission.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 27, 2012